ALEXANDER B. MILLER, plaintiff in error v. Ross HOUCKE, JACOB C. GAUTERMAN, and JEFFERSON WEATHERFORD, defendants in error.

*Error to Macoupin.*

It does not follow as a necessary consequence to the asking of a question of a witness on the trial of a cause, that the answer will be in the affirmative; and unless the answer constitutes illegal testimony for the party calling the witness, it is no ground of exception.

Where an exception is taken to a question asked a witness on the trial of a cause, if the answer of the witness is not given in the bill of exceptions, the Supreme Court cannot know that the Circuit Court received improper testimony.

The province of a bill of exceptions taken in the progress of a trial, is to show that improper testimony has been received, or proper testimony rejected.

THIS cause was tried at the April term, 1838, of the Macoupin Circuit Court, before the Hon. Jesse B. Thomas. Judgment was rendered for the defendants in error for $71 and costs.

U. F. LINDER and JOHN S. GREATHOUSE, for the plaintiff in error.

STEPHEN A. DOUGLASS, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

It appears from the bill of exceptions taken on the trial of this cause, that the plaintiffs asked the witness a question, which the defendant objected to, but the Court overruled the objection and permitted the question to be answered. Whether the question, however, was answered in the affirmative or negative, is not stated. The error relied on to reverse the judgment below, is the permission to answer the question.

It does not follow, as a necessary consequence to the asking of a question, that the answer will be in the affirmative; and unless the answer constitutes illegal testimony for the party calling a witness, it is no ground of exception. The province of a bill of exceptions, taken in the progress of a trial, is to show that improper testimony has been received, or proper testimony rejected. The answer of the witness not being given, this Court cannot know that the Circuit Court received improper evidence.

The judgment must therefore be affirmed with costs.

*Judgment affirmed.*

*Note.* See Swafford v. Dovenor, *Ante* 165; Gilmore v. Ballard, *Ante* 252; Kitchell v. Bratton, *Ante* 300; Ballingall v. Spraggins, *Ante* 330.